UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,                    Case No. 1:98-cr-46

 vs.                                         Graham, J.
                                             Black, M.J.

EDGAR F. BRADLEY,

            Defendant.

**REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S SUPERVISED
RELEASE BE REVOKED AND THE DEFENDANT SANCTIONED AS SET
FORTH HEREIN.**

This criminal case is before the Court on Plaintiff's petition for revocation of the

Defendant's supervised release. A revocation hearing was held on January 20, 2006.

Defendant waived his right to counsel and appeared *pro se.* (Doc. 545.) Plaintiff

presented the testimony of United States Probation Officer Thomas Barbeau, and

Defendant submitted five exhibits which were admitted into evidence.

**STATEMENT OF THE CASE**

On June 1, 1999, the Defendant was sentenced by the Honorable Herman J. Weber,

Senior United States District Judge for the Southern District of Ohio, to 60 months

imprisonment and a subsequent three-year term of supervised release after being convicted

of Conspiracy to Defraud the United States (a Class D felony), in violation of 18 U.S.C.

§ 371, and three counts of Failure to File Income Tax Returns (Class A misdemeanors), in

violation of 26 U.S.C. § 7203.

The Defendant commenced a three-year term of supervised release on October 6,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and
Recommendation.

2003, and he has been supervised by the United States Probation Office in Cincinnati, Ohio since that time.  His case was subsequently transferred to the Honorable James L. Graham, United States District Judge for the Souther District of Ohio.

Pursuant to the conditions of his supervised release, the Defendant was required, *inter alia*, "to report to the probation officer and submit a truthful and complete written report within the first five days of each month;" "make installment payments on any unpaid balance of the restitution owed and fined ordered at the direction of the Probation Officer;" and "answer truthfully all inquires by the Probation Officer and follow the instructions of the Probation Officer."  (Doc. 533.)

On December 19, 2005, Plaintiff filed a Petition for Warrant . . . for Offender Under Supervision, asserting that the Defendant has violated the conditions of his supervised release.  (*Id*.)  Thereafter, a warrant was issued, and the Defendant was arrested**.**

## FINDINGS OF FACT

United States Probation Officer Thomas Barbeau began supervising the Defendant in October 2003.  Barbeau testified that the Defendant has committed the following three violations of his supervised release:

1.     Defendant failed to submit monthly reports, as required by his conditions of supervised release, for February, March, April, May, June, July, August, September October and November 2005; and failed to report for a scheduled office visit with Barbeau on November 21, 2005 and December 5, 2005;

2.     On October 7, 2003, the Defendant signed a payment agreement in which he agreed to pay $10 per month toward his court-ordered

-2-

obligations.  A payment in the amount of $100 was posted to the Defendant's account on February 9, 2005, however, the Defendant denied making the payment and stated that he does not intend to make further restitution payments.  No further payments have been received since February 9, 2005; and

3.      On November 17, 2005, Barbeau spoke with the Defendant by telephone and directed him to report to the West Chester, Ohio Police Department to address an open traffic warrant by November 21, 2005.  Defendant failed to inquiry about the warrant as directed.

With respect to his monthly restitution payments, at a March 21, 2005 meeting with Barbeau, the Defendant indicated that he would no longer be paying his $10 monthly restitution payments because he could not be "double minded" by paying $10 at the same time he is filing a suit claiming that he owes nothing to the Federal Government.

On May 12, 2005, Barbeau contacted the Defendant regarding his failure to submit his monthly reports.  Defendant again stated that he could not be "a double minded person" and could not submit monthly reports at the same time he was filing motions with the Court asserting that his case is closed.

Thereafter, on July 25, 2005, Barbeau and Supervising United States Probation Officer John Cole met with the Defendant about his noncompliance.  Barbeau and Cole reminded Defendant that his conditions of supervision require him to pay monthly restitution payments and to submit monthly reports.  Defendant stated that he would think about what was said to him and would call Barbeau back.

A routine criminal check on July 29, 2005 indicated that the Defendant had a warrant issued for his arrest by the West Chester, Ohio Mayor's Court for Contempt of Court after he failed to pay a traffic fine.  Barbeau sent the Defendant a letter directing him

-3-

to report to the probation office on November 21, 2005.  Barbeau also spoke to the

Defendant on November 16 and 17, 2005 reminding him of his appointment.  During those

conversations, Barbeau also told the Defendant to report to the West Chester Police

Department to address the open warrant prior to his November 21, 2005 appointment.

On November 18, 2005, the Defendant filed a Writ of Habeas Corpus naming

Barbeau as the respondent and claiming that Defendant's liberty was being unlawfully

restrained.  Defendant left Barbeau voice mail messages on November 18 and 21, 2005

indicating that Defendant would not report to the probation office until his habeas petition

was resolved.  Defendant failed to report to the probation office on November 21, 2005,

and he failed to report to the West Chester Police Department.

On November 29, 2005, Barbeau advised Defendant by phone to report to the

probation office on December 5, 2005.  Barbeau also sent the Defendant a letter directing

him to report as instructed.  Defendant did not report to the probation office on December

5, 2005.  Barbeau received a letter from the Defendant stating that it was his position that

his case was closed, that Barbeau's instructions were merely requests, and that Defendant

was not required to comply with such requests.

In support of this contention, the Defendant offered into evidence the following five

self-authored documents:

> Exhibit A.    Statement of Account, addressed to James Bonini, Clerk of Courts for
> the Southern District of Ohio;
>
> Exhibit B.    Notice of Acceptance for Value and Return for Value of 1)
> Supervised Release Violation Report, and 2) Motion for Revocation

of spervised (sic) release and Claimant's acceptance of Respondent's approval of Defendant's Statement of Account dated 12/27/05;

Exhibit C.     Docket Sheet

Exhibit D.     Affidavit of Edgar Bradley Declaring Settlement to Attorney Thomas G. Voracek; and

Exhibit E.     Edgar Francis Bradley's Declaration of Superior Law

Defendant's exhibits neither address his failure to comply with his conditions of release nor do they rebut Barbeau's testimony.

## CONCLUSIONS OF LAW

Revocation of supervised release is governed by 18 U.S.C.§ 3583.  *See* Fed. R. Crim. Proc. 32.1(d).  Pursuant to 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release, if it finds by a preponderance of the evidence that the Defendant has violated a condition of supervised release.

Defendant is charged with two Grade C violations as a result of his failure to comply with his conditions of release.  Pursuant to U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may (1) revoke probation or supervised release, or (2) extend the term of probation or supervised release and/or modify the conditions of release. Furthermore, under U.S.S.G. 7B1.3(g)(2), if supervised release is revoked, the Court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment.

Based on a Grade C violation, and the Defendant's criminal history category of I, the guideline imprisonment range is from 3 to 9 months, pursuant to U.S.S.G.§ 7B1.4(a).

## CONCLUSION

Upon careful review, the undersigned finds that Plaintiff has proven by a preponderance of the evidence that the Defendant committed three violations of the conditions of his supervised release, and, accordingly, the undersigned **RECOMMENDS** that Plaintiff's revocation petition be granted, that Defendant's supervised release be revoked, and that the Defendant be sentenced to a term of 3 months imprisonment and to a subsequent 30 month term of supervised release.  The undersigned further **RECOMMENDS** that:

a.   The Defendant be ordered to pay the balance of the restitution and fine owed in case number 1:98-cr-46-01;

b.   The Defendant be directed to cooperate with tax authorities in the determination of his taxable income and applicable tax, interest and penalties;

c.   The Defendant be directed to file accurate tax returns, amending them if necessary, within 120 days of his release from imprisonment

d.   The Defendant be prohibited from opening any new lines of credit or making purchases on existing lines of credit without the written permission of his United States Probation Officer until the fine and restitution is paid in full; and

e.   The Defendant be ordered to provide his United States Probation Officer access to and disclosure of all requested financial information and/or

records.

**IT IS SO RECOMMENDED**.

Respectfully submitted,

DATE: March 17, 2006

 s/ Timothy S. Black
Timothy S. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA

                 Plaintiff,                          Case No. 1:98-cr-46

   vs.                                        Graham, J.
                                               Black, M.J.

EDGAR F. BRADLEY,

                 Defendant.

## NOTICE

Pursuant to law, any party may serve and file specific, written objections to the Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).